Pro se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

Case No.: **8:19-CV-3081-T-33AEP**

ZACHAREY L. OLIVER,
*Plaintiff*,

v.

BOB GUALTIERI, in Official Capacity as
Sheriff of Pinellas County, Florida
*Defendant(s)*.

## AMENDED CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this Rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of the person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis

RECEIVED

DEC 15 2020

1

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:    ZACKERY L. OLIVER SR.
Inmate Number:    270647
Prison or Jail:    BAY CORR. & REHAB. FACILITY
Mailing Address:    5400 BAYLINE DRIVE, PANAMA CITY, FL 32404

II. **DEFENDANT(S):**

State the name(s) of the Defendant(s) in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)    Defendant(s) name:    BOB GUALTIERI
       Official position:    SHERIFF
       Employed at:    PINELLAS COUNTY SHERIFF'S OFFICE
       Mailing address:    14400 49th STREET NORTH, CLEARWATER, FL 36743

       ☐ Individual Capacity     ■ Official Capacity

(2)    Defendant(s) name:    N/A
       Official position:
       Employed at:
       Mailing address:

(3)    Defendant(s) name:    N/A
       Official position:
       Employed at:
       Mailing address:

### III. BASIS FOR JURISDICTION:

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

    A. Are you bringing suit against (check all that apply):

        ☐ Federal Officials (a *Bivens* claim)

        ■ State or Local Officials (a 1983 claim)

    B. Section § 1983 allows claims alleging the "deprivation of any rights, privilees, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    **Plaintiff's 8th and or 14th Amendments to the United States Constitution**

    C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bevins*, what constitutional righ(s) do you claim is/are being violated by federal officials?

    **N/A**

    D. Section § 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

    **Sheriff Bob Gualtieri failed to protect Plaintiff's Eighth Amendment Right against cruel and unusual punishment in his official capacity as Sheriff of Pinellas County, Florida.**

IV. **PRISONER STATUS:**

Indicate whether you are a prisoner or other confined person as follows (*check all that apply*)

- ■ Pretrial Detainee
- ☐ Civilly Committed Detainee
- ☐ Immigration Detainee
- ■ Convicted and Sentenced State Prisoner
- ☐ Convicted and Sentenced Federal Prisoner
- ☐ Other *(explain)*

VI. **STATEMENT OF CLAIM:**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**Sheriff Bob Gualtieri failed to protect Plaintiff's Eighth Amendment Right against cruel and unusual punishment when his deputies allowed Plaintiff's jaw to be broken by ~~the~~ other prisoners even though the deputies were alerted by Plaintiff that he had a "keep safe" order from the ~~one~~ other inmates.**

    A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

    N/A

    B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

    **On March 7, 2017 @ approximately 7:30 a.m to 8:00 a.m, Plaintiff was housed in the Pinellas County, Florida Jail where the incident described occurred.**

4

C. What date and approximate time did the events giving rise to your claim(s) occur?

**On March 7, 2017 @ approximately 7:30 a.m to 8:00 a.m**

D. What are the facts underlying your claim(s)? (*For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?*)

Due to a prior federal indictment in November 2002, in which Plaintiff and numerous other defendant's including Cornellias Servant were part of this indictment and federal investigation, Plaintiff and inmate Cornellias Servant were put on a keep separate order by the federal government.

On March 7, 2017, Plaintiff had a court date scheduled. Plaintiff was being detained in the Pinellas County Jail for Pre-Trial. At approximately 5:00 a.m. on that morning, Plaintiff was led downstairs to the holding cell at the Pinellas County Jail. At that time, Plaintiff seen Inmate Cornellias Servant in the holding cell. Plaintiff alerted Deputy Andrews (Officer running holding cell area on date of incident) that he had a keep separate order with inmate Servant and that they were not to be in the same cell together due to a prior federal investigation and indictment. Deputy Andrews put Plaintiff in another holding cell until he could look on the computer and see what Plaintiff was talking about and verify. Deputy Andrews came back and let Plaintiff know that he verified the keep separate order and that he would let the other Deputies know. Later on, Deputy Costra was assigned to take inmates to court. Deputy Andrews gave Plaintiff a thumbs up to let him know that Deputy Costra knew the situation. When the inmates were received at the Pinellas County Courthouse, Deputy Costra put inmate Servant and Plaintiff into the same holding cell together. Inmate servant then came towards Plaintiff, leaving Plaintiff with no option but to try and defend himself. Inmate Servant along with one of his friends then started fighting with Plaintiff. Afterwards Plaintiff received medical care for a broken jaw that included surgery that wired his mouth shut for over three (3) months.

Sheriff Bob Gualtieri failed to properly advise his deputies that inmate Servant and Plaintiff had a keep separate order. He failed to properly keep track of inmate Servant and Plaintiff due to the keep separate order. Plaintiff was not supposed to be scheduled for court on the same date or time as inmate Servant. Sheriff Bob Gualtieri's failure to properly perform his ministreal duties as sheriff and adhere to policies put in place to protect inmates under keep separate order, caused Plaintiff to have his jaw broken by inmate Servant and then have his mouth wired shut for over three (3) months.

## VII. INJURIES:

Plaintiff's Jaw was broken and Plaintiff had to have his jaw wired up for about four (4) months.

## VIII. RELIEF:

State briefly what you want the court to do for you. Make no legal argument. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**Plaintiff, Zachery Oliver is seeking monetary damages in the amount of three million dollars ($ 3,000,000). Plaintiff is seeking this amount in damages for the medical costs accrued for reconstructive surgery on his jaw. Plaintiff also seeks this amount for any future medical expenses that may occur, attorney fees, and for pain and suffering.**

## IX. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. §1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

    A. Did your claim(s) arise while you were confined in a jail, prison or other correctional facility?

       ■ YES
       ☐ NO

    If yes, name the Jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

    **Pinellas County Jail, 14450 44th Street, Clearwater, Florida 33756**

    B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

   ☐   **YES**
   ☐   **NO**
   ■   **DO NOT KNOW**

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

   ☐   **YES**
   ☐   **NO**
   ■   **DO NOT KNOW**

If yes, which claim(s)? **N/A**

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

   ☐   **YES**
   ■   **NO**

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   ☐   **YES**
   ■   **NO**

E. If you did file a grievance: **N/A**

1. Where did you file the grievance? **N/A**
2. What did you claim in the grievance? **N/A**
3. What was the result, if any?
4. What steps, if any, did you take to appeal that decision? Is the grievance process completed/? If not, explain why not. (*describe all efforts to appeal to the highest level of the grievance process.*)

_____
_____.

F. If you did not file a grievance:

7

1. If there are any reasons why you did not file a grievance, state them here:

**Plaintiff could not adhere to the exhaustion of administrative remedies at the time due to being transferred to prison (Orlando Correctional Institution) less than a week after incident occurred.**

**Plaintiff did not know that there was a grievance process available to him at the institutional level regarding this incident. Due to Plaintiff being transferred to different institutions less than a week after the incident occurring, Plaintiff retained an attorney (James Cook, Tallahassee, FL) around June 2017 and he was pursuing legal ramifications until 2019 when Plaintiff was advised by him on or around 11/19/2019 that he would no longer be handling Plaintiff's case. Plaintiff then decided to file his own 1983 Civil Rights Complaint after this. Plaintiff had also believed that attorney James Cook was handling any grievance process for him.**

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when, and how, and their response, if any: **N/A**

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. (*Note: you may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## X.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   To the best of your Knowledge, have you had a case dismissed based on the "three strikes rule"?

☐ **YES**
■ **NO**

If yes, state which court dismissed your case, when this occurred, and attach any copy of the order if possible. **N/A**

8

B.  Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

☐ YES
■ NO

C.  Have you initiated other actions (besides those listed above in Questions (A) and (B) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

☐ YES
■ NO

D.  Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

☐ YES
■ NO

## XI.  CERTIFICATION AND CLOSING:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

12-17-20
(Date)

(Signature of Plaintiff)

9

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep an current addrss on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-17-20

Signature of Plaintiff: _____

Printed Name of Plaintiff: Zachery Oliver

Prison Identification#: 270647

Prison Address: Bay Corr. & Rehab. Facility, 5400 Bayline Drive, Panama City, FL 32404

B. **For Attorneys:**

Date of signing: _____

Signature of Attorney: _____

Printed Name of Attorney: _____

Bar Number: _____

Name of Law Firm: _____

Address: _____

_____
    City          State      Zip Code

Telephone Number: _____

E-mail Address: _____

## IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):

■ Delivered to prison officials for mailing or

☐ deposited in the prison internal mail system on:

This _17_ day of December, 2020.

| TO: | Clerk of Court<br>United States District Court<br>Middle District of Florida<br>Tampa Division<br>United States Courthouse<br>Tampa, Florida 33602 | TO: | Defendant:<br>Bob Gualtieri (Sheriff)<br>Pinellas County Sheriff's Office<br>14400 49th Street North<br>Clearwater, FL 36743 |

_____
(Signature of Plaintiff)




Zackery L Oliver SR 370644
Bay Corr. & Rehab Facility
5400 Bayline Drive
Panama City, FL 32404

#41110

Clerk of Court
United States District
Middle District of Florida
Tampa Division
United States Courthouse
Tampa, Florida 33602

RECEI\
DEC 1 ' 2020

SCREENED BY USMS

LEGAL MAIL

Mailed From A State